CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
September 03, 2024
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 7:18-cr-00021 |
| v.  ) | |
| ) | |
| ) | By:  Elizabeth K. Dillon |
| DOUGLAS B. PHILLIPS, ) | Chief United States District Judge |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

On June 21, 2024, the court revoked defendant Douglas Phillips's supervised release term, sentencing him to a term of imprisonment of three months, without any further term of supervised release. (Dkt. No. 145; *see also* Judgment, Dkt. No. 146.) The court allowed Phillips to self-report for his sentence. (Judgment 2.) The same day judgment was entered, Phillips filed a notice of appeal.[1]

Also on the same day, Phillips filed a "motion for change of venue," which the court denied in an order entered four days later. (Dkt. No. 151 (denying Dkt. No. 149).) He has not filed a separate notice of appeal from that order. Instead, he has filed what he has called a "motion in dispute" of that order (Dkt. No. 152). In addition to that pending motion, Phillips filed a pro se motion for access to sealed documents (Dkt. No. 150), and he filed, by and through counsel, a motion for bond pending appeal (Dkt. No. 156), which the United States opposes (Dkt. No. 157). All three motions are addressed herein.

---

[1] The court recognizes that a timely and sufficient notice of appeal generally deprives a district court of jurisdiction of all matters related to the appeal. *See Grand Jury Proceedings Under Seal v. United States*, 947 F.2d 1188, 1190 (4th Cir. 1991). But a district court may proceed as to matters "in aid of the appeal" and as to matters unrelated to the appeal. *See id.* To the extent that the issues in Phillips's latest pro se motions are unrelated to the court's judgment of revocation, this court maintains jurisdiction to address them. To the extent that any issues in his motions are at least tangentially related to the criminal judgment currently on appeal, the Fourth Circuit has recognized that a district court may deny a motion to reconsider "without disturbing appellate jurisdiction over the underlying judgment" because doing so would be "in aid of the appeal." *Fobian v. Storage Tech. Corp.*, 164 F.3d 887, 890 (4th Cir. 1999). In either event, the court maintains jurisdiction to deny Phillips's motions.

<u>"Motion in Dispute" of the Court's Order Dated June 28, 2024 (Dkt. No. 152)</u>

In this pro se motion, Phillips reasserts his arguments that there should be a "change of venue," citing 28 U.S.C. § 1404, and he argues that this court's denial of his motions is an infringement of his constitutional rights. The court already addressed these same issues in an order addressing his last motion to change venue. Specifically, the court construed his last motion as possibly asserting a motion to change venue in his criminal cases, a motion for recusal, and a request to file a civil rights action. For the same reasons set forth in the court's prior order (Dkt. No. 151), which is the same order Phillips is "disput[ing]," this motion will be denied. Likewise, to the extent that his motion could be construed as a motion to reconsider the court's prior order, the court sees no basis for reconsideration and believes it correctly ruled in its prior order.

<u>Motion for Access to Sealed Documents (Dkt. No. 150)</u>

In this pro se motion, which was filed on June 27, 2024, Phillips asks to be provided with copies of "all documents docketed against him placed under seal" on December 12, 2016, and January 12, 2017, in Case No. 7:16-mj-00137, as well as "all sealed records" in both that case and the case at bar. He states that he needs the records "to further his legal issues through the Court in other jurisdictions." (Dkt. No. 150, at 1.) At this point, Phillips is represented by counsel. If he believes that there are documents that he needs to effectively pursue other legal remedies, he should request them from his attorney. If he is unable to obtain them from his attorney, he may file another motion with the court. Phillips is further advised that he has not established an entitlement to free copies, so he may be required to pay for copies of those documents. In the interim, this motion will be denied without prejudice.

Motion for Bond Pending Appeal (Dkt. No. 156)

In a motion filed by and through counsel, Phillips requests that he be permitted to remain on bond pending his appeal. (Dkt. No. 156.) Phillips's request is governed by 18 U.S.C. § 3143(b)(1). That statute directs that where a defendant sentenced to a term of imprisonment has appealed, he should be detained unless the court finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in:
>   (i) reversal,
>   (ii) an order for a new trial,
>   (iii) a sentence that does not include a term of imprisonment, or
>   (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1). The burden for establishing an entitlement to be released on bond is on the defendant. *United States v. Harris*, No. 6:07-cr-00023-1, 2009 WL 10706607, at *1 (W.D. Va. Sept. 4, 2009); *United States v. Black*, 737 F. Supp. 359, 360 (W.D.N.C. 1990).

In his motion, Phillips notes that he surrendered to the United States Marshal on August 21, 2024, and he likely will be released on or around November 21, 2024. (Mot. Bond 2, Dkt. No. 156.) He also notes that his appeal is pending before the Fourth Circuit, but he will have served the entirety of his short sentence before the Fourth Circuit considers his appeal, effectively rendering his appeal "moot." In terms of identifying a substantial question of law or fact, Phillips cites to case law holding that only "true threats" are outside the First Amendment's protections, and his was not a "true threat" because it: (1) "was not made to USPO Gardner," (2) "was conditional in nature," (3) was not intended by him to be a threat to USPO Gardner; and (4) "a reasonable person would not have found the statement" to be a "serious expression conveying" that he meant to commit an unlawful act of violence. (*Id.* at 1.) He acknowledges

that bail pending appeal is "rare," but he states that he satisfies the requirements of 18 U.S.C. § 3143 and that this case presents the circumstances that warrant such rare relief. (*Id.* at 4.)

The United States has filed a response in opposition (Dkt. No. 157). In its opposition, the government contends that even if Phillips could satisfy the first prong of the statute, he has not raised a substantial question or law or fact likely to result in reversal or other relief. It notes that he has cited to no case law supporting his argument that there are "substantial questions of law or fact" at issue in his appeal (aside from one case which does not support his position), and it cites to Fourth Circuit precedent supporting the court's finding that Phillips violated Mandatory Condition 1 "when he called the Clerk's Office and made a threat to assault his probation officer." (Opp'n 1–2, Dkt. No. 158.)

The court concludes that Phillips has not met his burden to obtain bond. The court assumes, for purposes of this order, that he could satisfy subsection (A) of the statute. But he also must satisfy subsection (B). To do so, he must show that there is a "substantial issue" likely to result in reversal or a reduced sentence. The Fourth Circuit defines a "substantial issue" as a "'close' question or one that very well could be decided the other way." *United States v. Steinhorn*, 927 F.2d 195, 196 (4th Cir. 1991). The court does not believe that the "defenses" he identifies raise "close questions."

The evidence showed that Phillips called the Clerk's office and, during the course of a conversation in which he expressed that he was upset with the court and his probation officer, told a deputy clerk that he ought to punch his probation officer in the face the next time the officer came to his house. The deputy clerk then conveyed a message to the probation officer telling him to be careful because of the threat. She testified that she thought the officer actually might possibly be harmed, given what Phillips had said. (Hr'g Tr. 6–8, Dkt. No. 157.) The probation officer then informed both his supervisor and the U.S. Marshals Service about the

4

threat, and his management team assigned Phillips a new probation officer because of the threat. They did not want to risk the officer going back to Phillips's home and being assaulted. (*Id.* at 17–18.)

Phillips testified at the hearing, denying that he intended to threaten the officer. (*Id.* at 34.) He also testified that he did not believe the officer "might be placed in fear" based on what he had said. (*Id.*) The court, however, found that the government had shown a violation of 18 U.S.C. § 115(a)(1)(B). (*Id.* at 51–52.) In relevant part, that statute makes it an offense to threaten to assault a federal law enforcement officer with intent to impede, intimidate, or interfere with that officer while engaged in the performance of official duties. 18 U.S.C. § 115(a)(1)(B).

As the government notes in its opposition to his motion for bond, Phillips's defenses do not seriously call into question the court's finding that he committed that offense and consequently that he violated Mandatory Term 1 of his supervised release. As for his argument that he did not convey the threat to Gardner directly, that fact is irrelevant: "[A] statement may qualify as a threat even if it is never communicated to the victim." *United States v. Spring*, 305 F.3d 276, 280 (4th Cir. 2002). Likewise, the fact that Phillips did not intend the statement as a threat does not mean it was not a true threat. Here, the threat was interpreted as a true threat by the deputy clerk, by the probation officer himself, and by his management team, and that is sufficient to find that the statement was threatening, regardless of Phillips's intent. *Counterman v. Colorado*, 600 U.S. 66, 74 (2023) (explaining that the existence of a threat depends on "what the statement conveys" to the person receiving the threat). Lastly, the fact that the threat was "conditional," meaning that it would only come to fruition if the officer came to his house, does not undermine the court's finding, particularly given that an officer supervising him was very

likely to come to his home—it is generally part of the supervising officer's duty to conduct home visits.

In short, and having reviewed the parties' briefing, the transcript of the revocation proceedings, and the relevant law, the court concludes that Phillips cannot show a "substantial issue" calling into question the court's finding of a violation. Thus, he has not satisfied the second part of § 3143(b) and is not entitled to be out on bond during the pendency of his appeal. His motion for bond (Dkt. No. 156) will be denied.

## CONCLUSION AND ORDER

For the foregoing reasons, it is hereby ORDERED as follows:

1. Phillips's motion in dispute (Dkt. No. 152) is DENIED;

2. Phillips's motion for documents under seal (Dkt. No. 150) is DENIED WITHOUT PREJUDICE, and Phillips is encouraged to contact his counsel to obtain court documents related to his case; and

3. Phillips's motion for bond pending appeal (Dkt. No. 156) is DENIED.

The Clerk is DIRECTED to provide all counsel of record and Phillips a copy of this order.

Entered: September 3, 2024.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge